FILED
2019 OCT 18 PM 2:43
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

In re: §
§
Brandi K Stokes, as an individual and on § CASE № A19CV1021 RP
behalf of all family members similarly situated, §
§
    Protected Persons §
    Pursuant to the Geneva Conventions §

## CLASS ACTION COMPLAINT

Complainant, Brandi K Stokes, hereby files this Class Action Complaint, individually and on behalf of all family members similarly situated (hereinafter "Family Members"), Class.

1. This Class Action Complaint is a civil action seeking protection pursuant to the Geneva Conventions for Complainant and for the Family Members of Complainant.[1] Complainant is a victim of war crimes that include grave breaches of the Geneva Conventions sufficient in severity to justify an international war crimes investigation. The Complainant, at this time, has exhausted remedies within the United States and has perfected an appeal to the International Criminal Court requesting prosecution of war crimes committed against her and her Family Members from approximately 2003 onward and for the establishment of a tribunal to receive and prosecute complaints from all victims of grave breaches of the Geneva Conventions within the United States. *See* Complainant's Exhibit 1. The Article 15 Request for Prosecution is currently being reviewed by the International Criminal Court. *See* Complainant's Exhibit 2.

---

[1] Geneva Convention for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field, Aug. 12, 1949, 6 U.S.T. 3114 (*hereinafter* **Geneva Convention I**); Geneva Convention for the Amelioration of the Condition of Wounded, Sick and Shipwrecked Members of Armed Forces at Sea, Aug. 12, 1949, 6 U.S.T. 3217 (*hereinafter* **Geneva Convention II**); Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316 (*hereinafter* **Geneva Convention III**); Geneva Convention Relative to the Protection of Civilian Persons in Time of War, Aug. 12, 1949, 6 U.S.T. 3516 (*hereinafter* **Geneva Convention IV**).

2.      The Complainant and her Family Members are protected persons pursuant to the Geneva Conventions and a request for determination of status is pending before the International Criminal Court.[2] This Court has original jurisdiction under 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As the judicial authority for a High Contracting Party to the Geneva Conventions, this Court has mandatory jurisdiction over all claims within its territory seeking Geneva Conventions protection. This Court has broad authority to issue orders necessary to protect the interests of the Complainant and her Family Members pursuant to a common provision to the Geneva Conventions providing that "[e]ach High Contracting Party shall take measures necessary for the suppression of all acts contrary to the provisions of the present Convention [other than grave breaches requiring prosecution].[3] This Court may not dismiss or transfer this case to another authority outside of the provisions or procedures provided by the Geneva Conventions.[4] Because the international appeal has been perfected, there will be no affirmative defense for any failure to comply with the Geneva Conventions. In other words, no further action is necessary to confer jurisdiction for the prosecution of all grave breaches of the Geneva Conventions committed within the United States to the International Criminal Court.

3.      Venue is appropriate in the District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2), because the war crimes giving rise to a request for prosecution before the

---

[2] Although each of the High Contracting Parties have jurisdiction to conduct such a hearing, any determination of status hearing would require cooperation from the North Atlantic Treaty Organization. As such, the appeal pending before the International Criminal Court is the most relevant at this time. This court has lost jurisdiction to conduct a determination of status hearing and must provide protection until a court of competent jurisdiction can make a determination. If the International Criminal Court cannot make a determination or declines to make a determination, any High Contracting Party that is not otherwise disqualified may make a determination. The United Nations does not have direct authority to conduct a determination of status hearing.
[3] Geneva Conventions I, art. 49; Geneva Conventions II, art. 50; Geneva Conventions III, art. 129; Geneva Conventions IV, Art. 146.
[4] *See id.* (The compulsory language in this common provision of the Geneva Conventions provides mandatory jurisdiction and an affirmative duty to act.).

International Criminal Court and further giving rise to a claim for protection pursuant to the Geneva Conventions occurred in substantial part within the jurisdiction of the Western District of Texas.

4.  Complainant is a veteran with a security clearance background and is currently under a mandatory reporting obligation. At this time, the United States has thoroughly demonstrated that it cannot take a report from the Complainant. As such, the next proper reporting authority is the North Atlantic Treaty Organization ("NATO").[5] At this time, Complainant has submitted an initial unclassified report to NATO regarding the unauthorized access to and misuse of classified information affecting NATO operations and regarding the ongoing retaliation that the Complainant has experienced in the aftermath of her initial attempt to report a related issue to the Federal Bureau of Investigation ("FBI") in 2012. *See* Complainant's Exhibit 3. Complainant requests protection from retaliation to the fullest extent of all applicable law, including but not limited to the Geneva Conventions, for herself and for her Family Members.

5.  Complainant and many of her Family Members are members of a minority ethnic group (Creek Muscogee) that has been the subject of extensive genocide efforts by the United States government. Complainant requests protection from racial discrimination to the fullest extent of all applicable law, including but not limited to the Geneva Conventions, for herself and for her Family Members.

6.  Complainant is a member of a minority genetic group (translocated Y-DNA chromosomal set) that has been the subject of extensive persecution.[6] Complainant requests

---

[5] Circumstantial evidence suggests that the executive branch of the United States has been captured by a combination of organized crime and enemy forces. At this time, the Complainant cannot give a report to the United States without NATO approval.

[6] The Complainant's LGBT status was rightfully and legally undisclosed in the state family law proceedings.

protection from LGBT discrimination to the fullest extent of all applicable law, including but not limited to the Geneva Conventions, for herself and for her Family Members.

7.      Complainant actively practices two religions (Christianity and Taoism) that have been the subject of extensive persecution.[7] Complainant requests protection from religious discrimination to the fullest extent of all applicable law, including but not limited to the Geneva Conventions, for herself and for her Family Members.

8.      Gross violations of the Complainant's Geneva Conventions rights, human rights, and civil rights are well documented in multiple cases at both the state and federal level. The pleadings and evidence submitted by Brandi K Stokes in those cases are incorporated by reference in Complainant's Exhibit 1 and are hereby incorporated by reference for all purposes in this proceeding. The first 48 pages of the nearly 17,000 pages of pleadings and evidence available through the password protected website referenced in Complainant's Exhibit 1 are included at Complainant's Exhibit 4. Plaintiff further incorporates by reference all pleadings and evidence submitted by the Brandi K Stokes in Western District of Texas Case No. 1:19-CV-0754-RP.

9.      Gross violations of the Geneva Conventions rights, human rights, and civil rights of the Complainant's Family Members have been observed by or reported to the Complainant. For example, the Complainant's mother has endured harassment so severe as to be reasonably construable as the proximate cause for the development of a debilitating seizure condition. The Complainant's father has endured a significant level of medical abuse, and it has been reported to the Complainant that he has become malnourished.

---

[7] The Complainant sincerely practices both religions and sincerely believes that all religions are relevant to God. *See* Complainant's Exhibit 5 (Baptism at Hollins Baptist Church was Complainant's second baptism. Complainant's baptism into the Catholic church was sincere. Christian quote on the inset of Complainant's copy of the Tao Te Ching demonstrates that the practice of both religions, though rare, is not bizarre. Publication date of 1992 on Complainant's copy of the Tao Te Ching is close in time to when Complainant began practicing Taoism. Tattering of religious texts demonstrates usage.)

10.     Good cause exists for the Court to extend the time for service for an appropriate period. The Article 15 Request for Prosecution currently pending before the International Criminal Court is sufficiently broad enough to encompass the prosecution of thousands of individuals. As such, there exists a high probability for the number of Defendants ultimately to exceed 100 individuals or entities. There further exists some probability that some Defendants will dodge service to avoid being confronted with the difficult issues and allegations presented. At a minimum, Complainant will be seeking protective order relief against offending individuals or entities in separate motions and will mail a Notice of Lawsuit and Request to Waive Service of Summons at the time of filing a motion applicable to a specific individual or entity, unless this Court directs or orders otherwise. Complainant will further request the issuance of Summons for any individual or entity that does not waive service, as necessary, to ensure compliance with Rule 4 of the Federal Rules of Civil Procedure. For the purpose of Rule 4 compliance, Complainant further requests that attempted service made in good faith of this Class Action Complaint along with a Motion for Order of Protection applicable to a specific individual or entity within 90 days of the filing of the Motion for Order of Protection be ordered by this Court to be sufficient for the purpose of Rule 4 compliance and that the Court consider alternative methods of service on individuals or entities that dodge service.

11.     Complainant will notify known members of the Subclass Immune Family Members by regular mail or hand delivery. Should a concern arise that any known member of the Subclass Immune Family Members is not aware of this Class Action Complaint, Complainant will notify such member by certified or registered mail upon discovery of such a concern. Complainant will notify members of the Class Family Members using any practical means available, including but not limited to posting information about the filing of this Class Action Complaint to the

Ancestry.com website. Complainant will further notify members of the Class Family Members by word of mouth and anticipates that this method, though unusual, will be the most effective in this situation. Should a concern arise that any known member of the Class Family Members is not aware of this Class Action Complaint, Complainant will notify such member by certified or registered mail upon discovery of such a concern.

12.     Pursuant to the Federal Rules of Civil Procedure Rule 23, Complainant brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class entitled "Family Members" and defined as:

> **including all persons biologically related to Brandi K Stokes by more than 20 shared centimorgans of DNA without regard to legitimacy; including all persons descended from any 4th great grandparent of Brandi K Stokes without regard to biological relatedness; including all persons qualifying as stepfamily of Brandi K Stokes and demonstrating a symbolic familial relationship to Brandi K Stokes at any point in time prior to May 1, 2019; including all Immune Family Members, as defined herein, without regard to biological relatedness; including all persons descended from any 7th great grandparent of Brandi K Stokes and demonstrating a need for protected persons status without regard to biological relatedness; including all persons qualifying as the spouse or stepchild of any Family Members, as defined herein, and demonstrating a need for protected persons status; and excluding all potential war crimes suspects not otherwise immune from war crimes prosecution as an Immune Family Member.**

13.     Pursuant to the Federal Rules of Civil Procedure Rule 23, Complainant brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Subclass entitled "Immune Family Members" and defined as:

> **including the following individuals without regard to biological relatedness:**[8]

---

[8] At this juncture, war crimes suspect Christopher Lance Corsbie has publicly published a Facebook post that has remained publicly displayed for over a year and expressly refers to Sam Bassett and Perry Q. Minton as uncles of the Complainant's child, Elisabeth Renee Corsbie. While the Minton brothers, David and Perry, are more likely cousins of rather than uncles of the Complainant's child and while Mr. Sam Bassett has questioned the accuracy of family history pinpointing him as the biological son of the Complainant's great grandfather, the failure of the Minton brothers and of Mr. Sam Bassett to issue a cease and desist letter to war crimes suspect Christopher Lance Corsbie or to take any noticeable action to force removal of the publication constitutes acquiescence to classification as uncles of the Complainant's child. This acquiescence coupled with circumstantial evidence demonstrating likely biological

> **Brandi K Stokes (Complainant), Elisabeth Renee Corsbie (daughter), Kathleen Carolyn Bassett (cousin), Daniel Silas Bassett (cousin), Samuel Earl Bassett (grand uncle), Angela Bassett Kennedy (cousin), David Francis Minton (cousin), Perry Quillin Minton (cousin), Catherine Jean Wickersham Montgomery (sister), Robert Alonzo Wickersham, III (brother), Terry Rena Powell a/k/a Terri Powell Wickersham (mother), Elijah Martinez (cousin), Jacob Martinez (cousin), Zachary Martinez (cousin), April Powell Martinez (aunt), Tinsley Mae Whitfield (cousin), Courtney Nicole Whitfield (cousin), James Whitfield (uncle), Wesley Riner (cousin), Jessica Riner Walczak (cousin), Patricia Lynn Powell Riner (aunt), Carolyn Jean Whitfield (grandmother), Shannon Powell Anderson (cousin), Joseph Anderson (cousin), Jada Messer (cousin), Jenna Messer (cousin), Justin Williams (cousin), Jody Jerald Quick (cousin), James Edward Gardiner, Jr. (cousin), Roy Wayne Stokes (father), Lloyd Neal Powell (grandfather); including all persons qualifying as the child of any of these enumerated individuals without regard to legitimacy; and including all persons qualifying as the spouse or stepchild of any of these enumerated individuals at any time between January 1, 2003, and May 1, 2019.**

14. The certification of the Subclass Immune Family Members is necessary to distinguish Family Members who are known to have been targeted for malicious interaction or who were adversely affected by malicious interaction from approximately January 1, 2003, through May 1, 2019, to an extent so severe as to effectively negate mens rea for any conduct that could be construed as a war crime.[9] In addition to protection from any further adverse impact or

---

relatedness to the Complainant is sufficient to legally classify Mr. Sam Bassett, Mr. Perry Minton, and Mr. David Minton as family members for the purpose of inclusion in both the Class Family Members and the Subclass Immune Family Members without further inquiry into relatedness, as such combined evidence demonstrates a symbolic familial relationship to the Complainant and a heightened need for protected persons status can also be demonstrated. Likewise, Complainant has publicly stated and publicly published statements expressly identifying Angela Bassett Kennedy as a cousin without any action being taken by Mrs. Kennedy to force the removal of such publications or to deny the truth of the matter. Such acquiescence coupled with circumstantial evidence demonstrating relatedness through a common ancestor of Native American descent is sufficient to legally classify Mrs. Angela Bassett Kennedy as a family member for the purpose of inclusion in both the Class Family Members and the Subclass Immune Family Members without further inquiry into relatedness, as such combined evidence demonstrates a symbolic familial relationship to the Complainant and a heightened need for protected persons status can also be demonstrated.

[9] Complainant has included her father and her grandfather in the list of Family Members needing heightened protection because new information has surfaced since the filing of the Article 15 Request for Prosecution that indicates to the Complainant that her grandfather and father have been targeted for maltreatment. Both are at risk of being targeted for medical abuse, and circumstantial evidence suggests that Complainant's father has been targeted for an extreme level of medical abuse and neglect. At a minimum, the Complainant's grandfather has been targeted with malicious dissemination of false allegations and false information regarding Family Members in a manner that has caused or acerbated conflict within the family.

7

retaliation, Subclass Immune Family Members are entitled by law to restitution, compensation, and rehabilitation services.[10] Additionally, many members of the Subclass Immune Family Members are essential witnesses and all members of the Subclass Immune Family Members are potential witnesses to the war crimes at issue in the request for prosecution pending before the International Criminal Court. This Court will be asked to take extraordinary measures to protect and, as necessary, to rehabilitate the health, welfare, and reputation of these essential and potential witnesses.

15.     Complainant reserves the right to amend the Class or Subclass definitions if further investigation and discovery indicates that the Class or Subclass definitions should be narrowed, expanded, or otherwise modified. Complainant further reserves the right to remove individuals from the Subclass Immune Family Members if further investigation and discovery clearly demonstrates that the individual being removed has engaged in conduct or supported any activity that is reasonably categorized as a war crime after May 1, 2019. Moreover, Complainant reserves the right to remove individuals from the Class Family Members if further investigation and discovery clearly demonstrates that the individual being removed has, at any time, engaged in conduct or supported any activity that is reasonably categorized as a war crime against another Class member and the individual being removed is not a member of the Subclass Immune Family Members. While such individuals may be entitled to Geneva Conventions protection, they are not entitled to the benefit of collaboration with their victims.

16.     Certification of this class action is appropriate under the Federal Rules of Civil Procedure Rule 23, because the class is so numerous that joinder of all members is impracticable, there are

---

[10] *See generally* M. Cherif Bassiouni, *International Recognition of Victims' Rights*, Vol. 6, Iss. 2, Human Rights L. Rev. 203 (Jun. 1, 2006), available at https://doi.org/10.1093/hrlr/ngl009 (last visited Oct. 14, 2019).

questions of law or fact common to the class, the claims or defenses of the Complainant are typical of the claims or defenses of the class, and the Complainant will fairly and adequately protect the interests of the class. For example, there are over 100,000 members identifiable through DNA Ancestry alone, and these identifiable members represent a mere fraction of the number of members qualifying for inclusion in this Class Action Complaint. Moreover, the request for determination of status pending before the International Criminal Court provides common questions of law and fact that predominate over questions affecting only individual members and class action is superior to other available methods for fairly and efficiently adjudicating the controversies. Further, this Court's authority to "take measures necessary" to suppress all acts contrary to the Geneva Conventions is sufficiently broad enough to provide this Court with authority to appoint counsel and to appoint experts should the Complainant need assistance, and the Complainant has the knowledge and education necessary to make appropriate requests for assistance. Absent a class action, it would be highly unlikely that members of the Class or Subclass would be able to protect their own interests. The cost of litigation through individual lawsuits is prohibitively excessive. The complexity of the questions of law and fact at issue prevent many, if not most, class members from understanding their rights. The sophistication of the malicious interaction at issue further prevent many, if not most, class members from understanding or identifying war crimes committed against them. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, far outweigh any difficulties that may be argued with regard to the management of this class action.

17. The sophisticated tactics used by enemy forces, recruits, and sympathizers include subtle methods of instigating conflict for class members such as re-igniting or acerbating pre-existing

conflict. The family history at issue in the conflict between the Complainant and Mr. Sam Bassett is one example of this strategy being used to subtly instigate conflict in a manner that constitutes a war crime. In this example, multiple war crimes suspects have engaged in the malicious dissemination of false allegations and false information in a manner intended to gas-light Family Members into engaging in a hurtful behavior towards one another. The genocide problem mentioned in Paragraph 5 is another example of a pre-existing conflict that is susceptible to being re-ignited or acerbated for the purpose of making ongoing war crimes appear to be unrelated to any current motive to harm Family Members. To make matters worse, most, if not all, members of the Subclass Immune Family Members are descended from Native American ancestors who were members of the Native American equivalent of royalty and who were viciously pursued for extermination at a much higher rate than non-royalty. Because the genocide problem is very likely the most severe and the most difficult from which to recover, any malicious interaction involving medical malpractice, the dissemination of false information designed to cause conflict between Family Members, the encouragement of any one Family Member to engage in harmful conduct toward another Family Member, the legal or emotional alienation or distancing of children within the Class Family Member, or any action likely to cause severe economic hardship to a Family Member should be given the highest priority for intervention by this Court.

      Complainant requests that this Court assume jurisdiction over all claims for Geneva Conventions protection involving the Complainant and her Family Members and to hold this case open for so long as any Family Member remains entitled to Geneva Conventions protection. Complainant further requests that this Court render all orders necessary to protect the Complainant and her Family Members from any conduct adverse to their health, welfare, or reputation, including but not limited to rendering injunctive relief. Complainant further requests

that this Court render all orders necessary to protect the integrity of the war crimes investigation at issue before the International Criminal Court, including but not limited to rendering orders necessary to compel individuals or entities to preserve evidence or to conduct appropriate investigations. Complainant requests an award of damages for restitution and compensation for crimes and torts committed against Complainant and her Immune Family Members other than grave breaches of the Geneva Conventions. Complainant requests rehabilitative services for Complainant and her Immune Family Members. Complainant request all other relief available to Complainant and her Family Members under all applicable law, including but not limited to the Geneva Conventions.

DATED: October 18, 2019

_____
Brandi K Stokes, Complainant
Texas State Bar No. 24044940
BRANDI STOKES, Esq.
brandi.stokes@gmail.com
P.O. Box 301916
AUSTIN, TX 78703
+1 512 206 0202